## NATIONAL DISCOUNT CORPORATION v MAIDEN

Ohio Appeals, 2nd Dist, Darke Co

No. 378. Decided Jan 12, 1931

Burkhardt, Heald & Pickrel, Dayton, for plaintiff in error.

L. E. Kerlin, Greenville, for defendant in error.

**HORNBECK, J.**

On the state of the record no error appears in the determination of the courts that the Ohio law was controlling. The Michigan law was not set up in any pleading brought to the attention of the Justice. The question has quite recently been under consideration and determined by our Supreme Court. **Mendelson v Mendelson, Ohio Bar November 18th, 1930 page 385.** The first proposition of the syllabus is as follows:

"In the absence of pleadings and proof to the contrary the presumption obtains that the law of the place where a contract was executed is the same as the law wherein enforcement thereof is sought."

It was vigorously urged by counsel for defendant in oral argument though not mentioned in the brief and therefore possibly abandoned that there was manifest prejudicial error on the part of the Justice of the Peace in refusing to accord to counsel the right to inspect the entry of judg-

ment and reserve exceptions before it was spread on the docket. There are no statutory provisions assuring to counsel the right to which he claims to be entitled in Justice Courts, nor are there any uniform rules of practice of which we have knowledge or which have been brought to our attention. It is, of course, common practice for courts of record to promulgate printed rules of practice, failure to observe which may properly be held to be prejudicial. Unfortunate as it may be it seems to be the obligation of counsel to follow proceedings in Justices' Courts at their own risk and no obligation is enjoined upon the justice which we have a right to enforce to notify counsel of a judgment that he renders in a case in which they are engaged. In fairness to the Justice of the Peace it must be said that in the entry, which we must assume is corrent it appears that the office of counsel for defendant was notified of the date when this case was to be decided. It is claimed as an excuse for failure to observe this notice that counsel was on vacation. Unfortunately as cogent and moving a reason as this may be it is not recognized at law as a ground for error under the situation presented.

The papers which come to us in the transcript of Journal Entries and original pleadings from the Common Pleas Court, we presume comprise those which were filed in the Justice of the Peace Court, though not properly authenticated by the Justice, as provided by law. They present a complex and anomalous situation.

Sec 10360 GC provides:

"The party objecting to the decision must except at the time it is made and shall have ten days from the date of the overruling of the motion for a new trial, if such motion be made, or from the date on which the decision, judgment or sentence of the justice, * * * is entered to reduce his exceptions to writing and present them to the said court."

Sec 10378 GC provides:

"Upon a verdict the justice must immediately render judgment accordingly. When the trial is by the justice, **judgment must be entered immediately after the close of the trial,** if the defendant has been arrested or his property attached. In other cases, it shall be **entered** either at the close of the trial, or if the justice desires further time to consider, on or by the fourth day thereafter, both days inclusive."

There is but one entry of judgment to be found in the papers. The one set forth in the nunc pro tunc entry. The action was one in attachment. Therefore under §10378 GC, the justice was required to enter the judgment immediately after the close of the trial. Under §10360 GC counsel was required to note his exceptions at the time judgment was rendered. Had the judgment been entered as required counsel could have noted exceptions and saved the record. But if the proceeding assumed the character of an action for money only and the Justice did not desire to decide the case the day it was submitted, then the judgment should have been entered on or by the fourth day after the trial of the case, both days inclusive. The only entry of judgment appearing must have been prepared and spread on the record subsequent to July 14th, although it purports to speak of that date. The entry of this judgment was irregular for two reasons.

(1) The judgment as of date July 14th was too late, being the 5th day after the close of the trial including both the day of the trial and the day of judgment in the computation.

(2) Because the statute says the judgment must be entered.

This means the actual spreading of the entry of judgment in writing on the docket. A nunc pro tunc entry is not contemplated.

Notwithstanding these irregularities the nunc pro tunc entry pronouncing the judgment and passing upon the motions of counsel for defendant does not carry any exceptions for the defendant. So that we are without any power to consider them, if they were now urged.

A careful examination of the transcript, of Journal entries and the original pleadings, all that we have before us, fails to disclose any error at law on any matter presented to the Justice to which exception was taken manifestly prejudicial to the defendant, plaintiff in error in this case.

We have waived aside any technical requirements concerning the transcript of docket entries from the Court of the Justice of the Peace and have passed on the question urged in the brief on the agreed statement of facts as though properly raised.

The judgment of the Court of Common Pleas must therefore be affirmed.

KUNKLE, PJ, and ALLREAD, J, concur.